IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUFUS AND PATRICIA HOLLIS, <br>     Plaintiff, <br><br> v. <br><br> WILMINGTON SAVINGS FUND SOCIETY, D/B/A CHRISTINA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, <br>     Defendant. | § § § § § § § § § § § § § § | Civil Action No. 3:19-CV-01319-E |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment filed by Wilmington Savings Fund Society, d/b/a Christina Trust, Not Individually But as Trustee for Pretium Mortgage Acquisition Trust (Trustee) (Doc. 22). Based on the relevant filings, evidence, and applicable law, the motion for summary judgment is **GRANTED**.

### BACKGROUND

On March 25, 2005, plaintiffs Rufus and Patricia Hollis executed a $119,200 Texas Home Equity Note (Note) in favor of Argent Mortgage Company, LLC (Argent) and its assigns (Doc. No. 23-2). The same day, the Hollises executed a Texas Home Equity Security Instrument (Deed of Trust), which was recorded in the real property records of Dallas County, Texas (Doc. No. 23-3). The Deed of Trust established a first lien on real property located at 2213 Meadow Lake Drive, Grand Prairie, Texas 75050 (the Property) (*Id.*).[1]

---

[1] The Deed of Trust identifies the Property as "Lot 16, Block M, of Meadow Oaks Addition, I[n]stallment No. 8, an addition to the City of Grand Prairie, Dallas County, Texas, according to the map or plat thereof recorded in Volume

1

On September 30, 2005, Argent assigned the Deed of Trust to CitiFinancial Mortgage Company, Inc. (CitiFinancial) (Doc. No. 23-4).  On November 30, 2015, CitiMortgage, Inc., as successor by merger to CitiFinancial, assigned the Deed of Trust to Pretium Mortgage Credit Partners 1 Loan Acquisition, LP (Pretium) (Doc. No. 23-5).  And, on January 8, 2016, Pretium assigned the Deed of Trust to Trustee (Doc. No. 23-6).

Under the terms of the Note and Deed of Trust, the Hollises would be in default and subject to acceleration of the loan and foreclosure proceedings on the Property if they failed to timely pay the full amount of each required monthly payment under the Note (Doc. Nos. 23-2, 23-3).  Beginning April 1, 2012, the Hollises failed to make the required monthly payments (Doc. No. 23-1).  On August 9, 2016, Selene Finance, LP (Selene), the mortgage servicer, sent the Hollises written notice of their default, an opportunity to cure the default, and notice that it intended to accelerate the Note and declare all outstanding principal and accrued but unpaid interest to be immediately due and payable if they failed to cure the default (Doc. No. 23-7).  The Hollises remained in default, and counsel for Selene sent them a Notice of Acceleration on October 11, 2016 (Doc. No. 23-8).

Trustee obtained an expedited order authorizing foreclosure in state court.[2]  The Hollises then filed this suit against Trustee "to challenge the foreclosure order and to fully ascertain the true and [sic] nature and extent, if any, of any alleged default under the note … or whether proper notices have been given." (Doc. No. 1-4).  Trustee removed this suit to federal court (Doc. No. 1).  It then asserted a counterclaim for foreclosure (Doc. No. 13).

---

76166, page 632, Map Records, Dallas County, Texas."

[2] Pleadings by both parties refer to an expedited foreclosure order entered pursuant to Texas Rule of Civil Procedure 736; the order is not included in the record.

2

Trustee seeks summary judgment on both the Hollises' claim and its counterclaim for foreclosure. The Hollises did not respond to the motion and, on February 19, 2020, the Court ordered them to file a response if they opposed to the relief requested (Doc. No. 25). To date, the Hollises have not filed a response.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The movant must inform the court of the basis of its motion and identify the portions of the record that reveal there are no genuine material fact issues. *Id*. The movant also can satisfy its summary judgment burden by "pointing out to the district court … that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325 (internal quotation omitted).

If the movant makes the required showing, the non-movant must direct the court's attention to evidence in the record sufficient to establish there is a genuine issue of material fact for trial. *Id.* at 324. To carry this burden, the non-movant must show the evidence is sufficient to support a resolution of the factual issue in the non-movant's favor. *Anderson*, 477 U.S. at 249. The court must view all the evidence in a light most favorable to the non-movant. *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970), *superseded on other grounds by*

*Celotex Corp.*, 477 U.S. 317).

## ANALYSIS

Trustee moves for summary judgment on its counterclaim for an order of foreclosure on the Property under the Deed of Trust and Section 51.002 of the Texas Property Code. *See* TEX. PROP. CODE. ANN. § 51.002. To show entitlement to an order authorizing foreclosure on a home equity loan in Texas, Trustee must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) the Hollises are in default under the Note and Deed of Trust; and (4) the Hollises have been properly served with notice of default and notice of acceleration. *See* PROP. § 51.002(d); *Christiana Trust v. Jacob*, No. 7:15-CV-033-DAE, 2016 WL 4468274, at *2 (W.D. Tex. Aug. 23, 2016); *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp.2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

Trustee has proffered the Note, Deed of Trust, the assignments, the payment history, notices of default and notice of acceleration, and the amounts currently due under the Note as summary judgment evidence. (*See* Doc. Nos. 23-1–23-10). The Note and Deed of Trust constitute a valid agreement between the parties for a debt secured by a lien created in the Deed of Trust under Article 16, Section 50(a)(6) of the Texas Constitution. The Hollises' failure to make the monthly payments required under the Note would constitute a breach of the agreement. The summary judgment evidence establishes the Hollises failed to make the required monthly payments beginning April 1, 2012 and they were properly served with notices of default[3] on August 9, 2016 and a notice of acceleration on October 11, 2016. Trustee's filing of its counterclaim further serves

---

[3] *See* PROP. § 51.002(d) (requiring mortgage servicer to serve debtor in default with written notice by certified mail stating the note is in default and providing at least twenty days to cure before any notice of sale can be given); *Id*. § 51.002(e) (service is complete when notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address).

4

as notice of acceleration to the Hollises. *See Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App.—Dallas 2008, no pet. (op. on reh'g). Finally, the summary judgment evidence shows the Hollises failed to cure the default and, as of October 22, 2019, were in arrears in an amount of $103,104.63, the accelerated loan balance was $186,154.40, and additional interest continued to accrue on the outstanding principal balance at a rate of $12.81 for each day the loan remains unpaid (*see* Doc. Nos. 23-9, 23-10). Trustee has met its summary judgment burden to show no genuine dispute exists as to any material facts on its counterclaim for foreclosure.

The burden shifts to the Hollises to identify evidence in the record raising a genuine issue of material fact on whether Trustee is entitled to a foreclosure order on the Property. Although the Hollises' petition purports to challenge the "nature and extent, if any, of any alleged default under the note … or whether proper notices have been given," they have not presented any summary judgment evidence or otherwise objected to Trustee's evidence. As such, the Hollises have failed to meet their summary judgment burden to show a genuine dispute of material fact on at least one element of Trustee's counterclaim for foreclosure. Trustee, therefore, is entitled to judgment as a matter of law on its counterclaim.

For the same reasons, Trustee is entitled to summary judgment on the Hollises' cause of action challenging the foreclosure order pursuant to Texas Rule of Civil Procedure 736. "A Rule 736 proceeding is not 'an ordinary lawsuit,' but rather 'a faster, more streamlined alternative to judicial foreclosure.'" *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 383 (5th Cir. 2017) (quoting *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App. 2011, no pet.)). A Rule 736 order is not subject to appeal. TEX. R. CIV. P. 736.8(c). "Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of

5

competent jurisdiction." *Id.* And, a Rule 736 proceeding or order is automatically stayed on the filing of a separate original proceeding putting "in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed." TEX. R. CIV. P. 736.11(a), (c). Upon notice than an independent suit has been filed, the Rule 736 court is required to dismiss the proceeding or vacate the foreclosure order. TEX. R. CIV. P. 736.11(c).

Although the Hollises filed this suit to challenge the foreclosure order, the filing has the effect of vacating that order, *see* TEX. R. CIV. P. 736.11(c), and it is unclear from the petition exactly what cause of action the Hollises intend to assert or the relief they seek. Even if the Court were to construe the petition to assert a claim for breach of the loan documents or for a declaratory judgment[4] as to the parties' rights, the Trustee has satisfied its summary judgment burden and established that it is entitled to foreclose on the Property. Further, the Hollises have presented no summary judgment evidence on the "nature and extent, if any, of the alleged default under the note … or whether proper notices have been given" or any other issue related to foreclosure. Because the Hollises failed to meet their burden to show a genuine issue of material fact on foreclosure, Trustee is entitled to dismissal with prejudice of the Hollises' cause of action.

## CONCLUSION

Trustee's motion for summary judgment is **GRANTED**. The Hollises' cause of action is **DISMISSED with prejudice**. By separate judgment, Trustee will be authorized to foreclose on its lien on the real property located at 2213 Meadow Lake Drive, Grand Prairie, Texas 75050 in accordance with the Note, Deed of Trust, and section 51.002 of the Texas Property

---

[4] Because this action was removed from state court, "the action may be construed as one brought under the federal Declaratory Judgment Act," which allows a federal court to declare the rights and legal relations of an interest party. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 769 (N.D. Tex. 2012).

Code.[5]

**SO ORDERED**; signed April 29, 2020.

                                                     ADA BROWN
                                                     UNITED STATES DISTRICT JUDGE

---

[5] As the parties are likely aware, Dallas County has cancelled all foreclosure sales until further notice due to COVID-19. *See* https://www.dallascounty.org/government/county-clerk/foreclosures.php. *See also* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 4022(c)(2), 134 Stat. 281, 491 (2020) (providing servicers of Federally backed mortgage loans may not initiate any judicial or non-judicial foreclosure process, move for a foreclosure judgment or order of sale, or execute a foreclosure-related eviction or foreclosure sale, except with respect to a vacant or abandoned property, for not less than the 60-day period beginning on March 18, 2020).